UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2020
```

------------------------------------------------------------------X
                                                                  :
YAJAIRA SAAVEDRA,                                                 :
                                                                  :
                              Plaintiff,                          :
                                                                  :           19 Civ. 7491 (JPC)
               -v-                                                :
                                                                  :                ORDER
CITY OF NEW YORK *et al.*,                                        :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

By letter dated September 25, 2020, Plaintiff moved to compel production of "[u]nredacted disciplinary summaries" of Defendant officers. Dkt. 32 at 2. Defendants opposed the motion by letter dated October 2, 2020. Dkt. 35. On October 21, 2020, the Court held a telephonic conference at which the Court granted leave for the parties to file supplemental briefing on this issue. The parties did so on October 30, 2020, November 10, 2020, and November 25, 2020. Dkts. 40, 43, 44.

The thrust of Plaintiff's argument is that in light of New York's repeal of Civil Rights Law § 50-a, Defendants "have no basis to withhold unredacted disciplinary histories" during discovery. Dkt. 32 at 4. That law "had shielded from public disclosure records 'used to evaluate performance toward continued employment or promotion' of police officers, firefighters, and correction officers, unless that individual consented to their release or a court ordered their disclosure." *Elliot v. City of New York*, No. 20 Civ. 702 (NRB), 2020 WL 6782046, at *3 (S.D.N.Y. Nov. 18, 2020) (quoting N.Y. Civ. Rights Law § 50-a(1)). Defendants counter that the repeal of § 50-a "has not changed the relevancy analysis to be undertaken" pursuant to Federal Rule of Civil Procedure 26. Dkt. 43 at 3.

Courts have long understood that "New York state law does not govern discoverability and confidentiality in federal civil rights actions." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).

Instead, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Defendants claim that the redacted portions of the disciplinary summaries are irrelevant to Plaintiff's claims and thus beyond the scope of Rule 26(b)(1), Dkt. 35 at 3; Dkt. 43 at 3, whereas Plaintiff says that she is "entitled to get the full, overarching picture of each officer's disciplinary history," Dkt. 32 at 3.

Where disciplinary records "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found to be too tenuous to allow discovery." *Reyes ex rel. Reyes v. City of New York*, No. 00 Civ. 2300 (SHS), 2000 WL 1528239, at *1 (S.D.N.Y. Oct. 16, 2000) (internal quotations and citations omitted); *see also Estate of Richards by Stephens v. City of New York*, 18 Civ. 11287 (MKV), 2020 WL 6162130, at *2 (S.D.N.Y. Oct. 21, 2020) ("[I]n Section 1983 cases alleging excessive force, discovery of documents on prior complaints and police histories of individual officers is generally limited to complaints *similar* to the conduct alleged in the complaint.") (emphasis in original). Thus, while Plaintiff is not entitled to portions of the disciplinary summaries that are unrelated to the allegations in the Complaint, Plaintiff is entitled to those aspects that are similar to the incident alleged or raise questions about Defendants' credibility.

Within one week of the filing of this Order, Defendants shall submit to the Court for *in camera* review, the unredacted disciplinary histories that Defendants seek to withhold from Plaintiff. Defendants shall also submit to the Court any redacted copies that Defendants have produced to Plaintiff. Defendants are respectfully directed to submit these materials by email to CronanNYSDChambers@nysd.uscourts.gov.

SO ORDERED.

Dated: December 15, 2020
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2