UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                           :

YAJAIRA SAAVEDRA,                                    :

                                     Plaintiff,             :

                                                             :          19 Civ. 7491 (JPC)

                    -v-                             :

                                                             :          MEMORANDUM OPINION
CITY OF NEW YORK *et al.*,                    :                AND ORDER

                                      Defendants.            :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988 in which Plaintiff alleges, *inter alia*, that New York City Police Department officers falsely arrested her and used excessive force. Dkt. 23 ¶¶ 47-52. Plaintiff also alleges municipal liability and various state law claims. *Id.* ¶¶ 63-118. Presently before the Court is Plaintiff's motion to compel production of unredacted disciplinary summaries for the officers involved in the alleged incident. Dkt. 32. For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion.

## I. Background

Plaintiff began this action on August 11, 2019, Dkt. 1, and filed the operative complaint on June 18, 2020, Dkt. 23. By letter dated September 25, 2020, Plaintiff moved to compel production of "[u]nredacted disciplinary summaries" of Defendant officers. Dkt. 32 at 2. Defendants opposed the motion by letter dated October 2, 2020. Dkt. 35. On October 21, 2020, the Court held a telephonic conference at which the Court granted leave for the parties to file supplemental briefing on this issue. The parties did so on October 30, 2020, November 10, 2020, and November 25, 2020. Dkts. 40, 43, 44.

On December 16, 2020, the Court ordered Defendants to submit to the Court for *in camera* review the unredacted disciplinary histories that Defendants seek to withhold from Plaintiff. Dkt. 45. Defendants provided these to the Court via email on December 23, 2020. In this email, Defendants explained that the following information was redacted from the officers' disciplinary histories: (1) allegations that occurred more than ten years prior to the incident alleged here; (2) open allegations; and (3) "[a]llegations that do not concern disputed arrests, excessive force, or the subject officers' truthfulness."

## II. Legal Standard

"In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." *Nat'l Cong. for Puerto Rican Rts. v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (alteration in original) (quoting *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997)). Federal Rule of Civil Procedure 26 allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

## III. Discussion

Plaintiff argues that she is "entitled to get the full, overarching picture of each officer's disciplinary history" and thus seeks production of completely unredacted disciplinary records for each Defendant officer. Dkt. 32 at 3. This argument is contrary to law.

The longstanding "prevailing practice" of courts throughout the Second Circuit is to "limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint." *Gibbs v. City of New York*, No. 06 Civ.

5112 (ILG) (VVP), 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008).  In a recent decision, another court in this District largely denied a similar motion to compel because "it [was] clear that most matters reflected in [the] materials [were] not similar in nature to the conduct serving as the basis for Plaintiff's [§] 1983 claim."  *Estate of Richards by Stephens v. City of New York*, No. 18 Civ. 11287 (MKV), 2020 WL 6162130, at *3 (S.D.N.Y. Oct. 21, 2020); *see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) ("complaints that are wholly unrelated to the plaintiff's claims of false arrest, illegal strip search, malicious prosecution and fabricated evidence are not relevant and need not be disclosed to plaintiff"); *Younger v. City of New York*, No. 03 Civ. 8985 (VM) (MHD), 2006 WL 1206489, at *1 (S.D.N.Y. May 2, 2006) (holding that "complaints or disciplinary charges that do not involve the type of misconduct at issue here-excessive or unjustified use of force-or acts that involve some element of dishonesty are not likely to be relevant to the claims or defenses in this case, and therefore documents pertaining to such complaints or charges need not be produced"); *Reyes ex rel. Reyes v. City of New York*, No. 00 Civ. 2300 (SHS), 2000 WL 1528239, at *1 (S.D.N.Y. Oct. 16, 2000) (explaining that where New York City Civilian Complaint Review Board ("CCRB") records "contain allegations wholly unrelated to those in the complaint, their relevance has been found to be too tenuous to allow discovery") (internal quotations and citation omitted); *Haya v. City of New York*, No. 93 Civ. 7754 (PKL), 1995 WL 314724, at *1 (S.D.N.Y. May 24, 1995) (denying a motion to compel because "[n]one of the files concerns an incident in which the complaint alleged conduct by [defendant officer] that is similar to the conduct that [plaintiff] allege[d]").

In arguing to the contrary, Plaintiff relies primarily on the discovery ruling of the magistrate judge in *Walls v. City of New York*, No. 19 Civ. 337 (RPK) (VMS), 2020 WL 6899996 (E.D.N.Y. Nov. 24, 2020).  In that recent case, the court ordered the defendants to produce unredacted (except

for certain personal information) disciplinary summaries to the plaintiff.  *Id.* at *9.  The court determined that all police misconduct complaints and their substantive review in an officers' disciplinary history "generally . . . are relevant to assessing a [d]efendant [o]fficer's credibility and possible willingness to violate constitutional or departmental norms." *Id.* at *4.  The court in *Wells* cited *Bradley v. City of New York*, No. 04 Civ. 8411 (RWS) (MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005), reading that case as finding "that 'virtually all' misconduct descriptions 'are potentially relevant . . . either because of the similarity of the accusations to plaintiff's allegations . . . of wrongdoing or because they may influence an assessment of the credibility of [the] officers.'" *Id.* (quoting *Bradley*, 2005 WL 2508253, at *2) (first alteration in original).

This Court disagrees with this holding in *Walls* and does not read *Bradley* as expounding such a broad principle.  Instead, the court in *Bradley* concluded that "*based on the proffered descriptions of the CCRB complaints and disciplinary investigations*, virtually all are potentially relevant to the false-arrest and excessive-force claims in this case, either because of the similarity of the accusations to plaintiff's allegations here of wrongdoing or because they may influence an assessment of the credibility of [the] officers." 2005 WL 2508253, at *2 (emphasis added).  Thus, all the court in *Bradley* did was conclude that the specific complaints at issue there were relevant.  This regime of requiring only production of disciplinary records involving alleged conduct similar to that at issue or involving alleged dishonesty makes sense.  For example, it is difficult to see how the fact that a civilian alleged that an officer used a discourteous word might bear on his credibility.  The Court thus chooses to follow the "prevailing practice" of courts in this Circuit and limit discovery to complaints that are similar in nature to the allegations in the Complaint or that directly involve dishonesty.

Plaintiff appears to argue that this longstanding practice no longer holds after New York

4

recently repealed Civil Rights Law § 50-a. Dkt. 32 at 4. This Court is not persuaded. When it was on the books, Civil Rights Law § 50-a "had shielded from public disclosure records 'used to evaluate performance toward continued employment or promotion' of police officers, firefighters, and correction officers, unless that individual consented to their release or a court ordered their disclosure." *Elliot v. City of New York*, No. 20 Civ. 702 (NRB), 2020 WL 6782046, at *3 (S.D.N.Y. Nov. 18, 2020) (quoting N.Y. Civ. Rights Law § 50-a(1)). However, its repeal does not affect our determination here because "New York state law does not govern discoverability and confidentiality in federal civil rights actions." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). Instead, and in accordance with Rule 26(b)(1), Plaintiff is only entitled to those portions of Defendant officers' disciplinary histories involving conduct that is similar in nature to the conduct serving as the basis of her claims.

That said, after the Court's careful *in camera* review, this Court concludes that certain material redacted by Defendants should be produced to Plaintiff. Defendants appear to have attempted to produce in good faith all portions of Defendant officers' disciplinary histories that involved allegations most like those here—*i.e.*, allegations of false arrest and excessive force. However, the Court finds that additional items in the disciplinary histories are also sufficiently similar as to be relevant under Rule 26(b)(1). Defendants therefore must produce to Plaintiff any entries that allege the following conduct that is similar in nature to the excessive force claims: "unnecessary force," "force - physical force," "force - handcuffs too tight," "abuse - threat of force (verbal or physical)," "threatened to use force," "abuse - threat of arrest," "disputed arrest," "abuse - entry of premises," "prisoner incident - injured in NYPD custody," "prisoner incident - injured prior to NYPD custody," "injured - result of taking police action," and "prisoner - inj. in NYPD custody." The Court also finds that disciplinary entries including the following allegations involve

alleged dishonesty such that they weigh on an officer's credibility and must be produced to Plaintiff: "allegation of leaving scene," "traffic-leaving scene," and "evidence discrepancy lab narc." Further, it appears that two pages of the unredacted disciplinary histories—relating to Defendant Detective Nelson Nin and found on pages 71 and 72 of the unredacted document—were not provided to Plaintiff in redacted form. Defendants therefore must produce these pages as well.

In the email in which Defendants provided the unredacted disciplinary histories to the Court, Defendants for the first time indicated that certain items may have been redacted because the complaints arose ten years before the incident at issue here or because they involve "open allegations." Defendants failed to argue either justification for redaction in their letter briefing or at the conference and have not argued that potions of the disciplinary histories are subject to any privilege. The Court sees no reason why, on the record presently before the Court, such records should be redacted. To the extent that any items in the disciplinary histories are redacted for these reasons alone, the Court orders Defendants to produce them to Plaintiff as well.

The Court respectfully reminds Defendants that Plaintiff is entitled to discovery of records concerning allegations of a similar nature. This does not mean "only complaints that are identically labeled" as the allegations in the Complaint. *Reyes*, 2000 WL 1528239, at \*2. After removing the redactions placed on any of the items discussed above, Defendants are ordered to carefully review all remaining redactions to ensure that they are "wholly unrelated" to the allegations in the complaint and do not involve dishonesty. If Defendants conclude that there are other entries that do not meet this standard, they shall produce those items to Plaintiff.

## IV. Conclusion

For the reasons stated, Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendants are ORDERED to produce the information detailed above to Plaintiff within one

6

week of the entry of this Memorandum Opinion and Order.  Defendants shall also submit via email a copy of the updated redacted disciplinary histories that Defendants produce to Plaintiff and a copy of the unredacted disciplinary histories, with any redactions highlighted, for *in camera* inspection.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 32.

SO ORDERED.

Dated: January 12, 2021
      New York, New York

_____
JOHN P. CRONAN
United States District Judge